**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERNARDO ACOSTA-PERALTA, Petitioner, v. ROBERT M. WILKINSON, Acting Attorney General, Respondent. | No. 19-72033 Agency No. A087-542-854 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 3, 2021
Phoenix, Arizona

Before:  W. FLETCHER, MILLER, and HUNSAKER, Circuit Judges.

Bernardo Acosta Peralta petitions for review of an order of the Board of

Immigration Appeals dismissing his appeal from an immigration judge's denial of

his application for withholding of removal and protection under the Convention

Against Torture (CAT). We refer to petitioner as "Bernardo" to distinguish him

from his son, Victor Edgardo Acosta Peralta, whose petition we resolve today in a

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

separate memorandum disposition. *See Victor Edgardo Acosta Peralta v. Wilkinson*, No. 19-71297 (9th Cir. Mar. 2, 2021). We have jurisdiction under 8 U.S.C. § 1252(a)(1). We grant the petition and remand to the Board for further proceedings.

1. "'Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994) and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions.'" *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020) (brackets omitted) (quoting *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)). Because the immigration judge found that Bernardo's testimony was credible, a finding the Board did not disturb, we assume the accuracy of Bernardo's "factual assertions" and "determine whether the facts, and their reasonable inferences, satisfy the elements of the claim for relief." *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894 (9th Cir. 2018); *see Kaur v. Holder*, 561 F.3d 957, 962–63 (9th Cir. 2009).

2. The agency did not consider Bernardo's family-based particular social group. Bernardo sufficiently raised that group before the agency, and we therefore have jurisdiction to consider it. *See Garcia v. Lynch*, 786 F.3d 789, 793 (9th Cir. 2015) (per curiam). In Bernardo's addendum to his notice of appeal to the Board, for example, he asserted that "his entire family is the social group targeted by the persecuting men" and "[t]he social group is the family and what the group wants is

2

their land."

To be sure, during closing arguments, the immigration judge instructed Bernardo's counsel to "say [the particular social group] in one sentence," and counsel responded: "landholders of strategic lands." Given this exchange, it is perhaps unsurprising that the agency framed the relevant group as it did. But that narrow construction—which Bernardo's counsel resisted giving until the immigration judge required him to sum up the group "in one sentence"—conflicts with the apparent thrust of Bernardo's argument, which seems to have been that his "entire family is the social group," and their landholder status was *a reason* why their persecutors targeted them. Bernardo and his family members repeatedly testified that Bernardo's past persecution was significantly related to his familial ties. Their testimony shows that the assailants hounded Bernardo's family across several different parts of Mexico, threatened his children, sexually assaulted his daughter, threatened his sister, knocked down his mother's door, and murdered his son and brothers. Remand is necessary for the agency to consider the family-based social group in the first instance. *See Flores-Rios v. Lynch*, 807 F.3d 1123, 1126 (9th Cir. 2015).

3.     The agency applied an incorrect legal standard in analyzing Bernardo's CAT claim. After discussing the country conditions and other evidence in this case, the immigration judge concluded that Bernardo had not established

that he would likely "be tortured in the future by a public official or with *the government's* acquiescence or consent." (emphasis added). But to prevail on his CAT claim, Bernardo "need show only that 'a public official'"—not the entire Mexican government—would acquiesce in his torture, *Tapia Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013) (quoting 8 C.F.R. § 208.18(a)(1)). "It is enough that public officials could have inferred the alleged torture was taking place, remained willfully blind to it, or simply stood by because of their inability or unwillingness to oppose it." *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1060 (9th Cir. 2006). For that reason, the immigration judge's focus on Mexico's "high-level government efforts, however important and laudable," was not sufficient because those efforts may not "necessarily reflect low-level government actors on the ground." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1185 (9th Cir. 2020). And Bernardo credibly testified that the police were involved in and assented to his assailants' conduct, and that he repeatedly filed reports with the authorities, who refused to intervene on his behalf.

Even though the Board articulated the correct legal standard for relief under the CAT and emphasized aspects of the immigration judge's decision, by citing *Matter of Burbano*, the Board adopted the immigration judge's flawed decision in its entirety. *Lezama-Garcia v. Holder*, 666 F.3d 518, 524 (9th Cir. 2011). Because the Board's decision cannot be "sustained upon its reasoning," we remand for the

4

Board to consider Bernardo's entire account against the correct legal standard in the first instance. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam). We view the agency's error as intertwined with its analysis of the remaining elements of Bernardo's CAT claim under 8 C.F.R. § 1208.16(c)(3), so the Board should reconsider those aspects of its CAT analysis as well.

Because of the significant overlap between this case and Victor's case, we encourage the agency on remand to consolidate the cases or evaluate them together so that their disposition is consistent.

**PETITION GRANTED; REMANDED.**